IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL STARNES                                                                             PETITIONER

VS.                                                               CIVIL ACTION NO. 3:17cv891-DPJ-FKB

WARDEN, FCI YAZOO CITY
MEDIUM                                                                                      RESPONDENT

## REPORT AND RECOMMENDATION

This is an action pursuant to 28 U.S.C. § 2241 brought by Michael Starnes, a federal prisoner. In his petition, Starnes contends that his 30-year sentence for possession of a machine gun during a drug trafficking offense should be vacated because the jury at his trial did not decide an element of the offense. The undersigned recommends that the petition be dismissed.

Michael Starnes was tried and convicted in 2003 in the United States District Court for the Northern District of Mississippi of six counts of drug trafficking and four counts of related firearm offenses. Count Five of the conviction was for a violation of 18 U.S.C. § 924(c)(1), possession of a firearm in furtherance of a drug trafficking offense. The district court sentenced Starnes to a total of 145 years, 30 years of which were for Count Five and which were imposed under § 924(c)(1)(B)(ii), which sets forth a mandatory minimum 30-year sentence when the firearm is a machinegun. There followed a direct appeal, in which two counts were dismissed and the entire case remanded for resentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005).[1]  *United States v. Starnes*, 157 Fed. Appx. 687, 696 (5th Cir. 2005). At his

---

[1] *Booker* held that the federal sentencing guidelines are advisory only, not mandatory.

second sentencing, Starnes received a total of 50 years (600 months); again, 30 years of the sentence was on Count Five. On appeal, the sentences on three of the drug trafficking counts were modified, but the sentences were otherwise affirmed. *United States v. Starnes,* 378 Fed. Appx. 421, 422-23 (5th Cir. 2010). The modifications did not change the overall term of imprisonment, which remained at 50 years, and they did not alter Starnes's 30-year sentence on Count Five.

In February of 2011, Starnes filed a motion under 28 U.S.C. § 2255, alleging seven claims of ineffective assistance of counsel. [3-1] at 54, 56. Concerning Count Five, Starnes argued that his counsel should have objected to the 30-year sentence because the question of whether he possessed a machinegun had never been submitted to the jury. The trial court denied the motion in an opinion dated March 31, 2014. [3-1] at 106.

In his § 2241 petition, Starnes challenges his 30-year sentence on Count Five under § 924(c)(1)(B)(ii), contending that this sentence should be vacated because the determination that he possessed a machinegun was made not by the jury, but by the trial judge. In support of his argument, he relies upon a 2010 Supreme Court decision, *United States v. O'Brien*, 560 U.S. 218 (2010), in which the Court held that possession of a machinegun under § 924(c)(1)(B)(ii) is an element of the offense, rather than a sentencing factor, and must be proved to the jury beyond a reasonable doubt.

Generally, the proper vehicle for challenging a federal conviction or sentence is a motion under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of incarceration. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per

curiam). A federal prisoner may challenge his conviction under § 2241 only if his claim falls under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable. *See* 28 U.S.C. § 2255(e). A remedy is inadequate only where a petitioner's claim (1) is based upon a retroactively-applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Starnes cannot meet the second prong of this test because a claim based upon *O'Brien*, which was decided in May of 2010, was available to him in February of 2011 when he filed his 2255 motion.

In his § 2255 motion, Starnes chose to focus solely on his counsel's actions, arguing, with respect to Count Five, that his attorney could and should have raised an objection to the trial court's failure to submit the issue of his possession of a machinegun to the jury. He based his ineffective assistance argument upon *Castillo v. United States*, 539 U.S. 120 (2000).[2] But Starnes could have asserted an *O'Brien* claim as well. Starnes asserts that he could not have relied upon *O'Brien*, since that case had not yet been decided at the time of his sentencing. But this argument conflates the separate issues of ineffective assistance of counsel and an *O'Brien* violation. Starnes

---

[2] In *Castillo*, the Supreme Court held that the machinegun provision in a prior version of § 924(c)(1) was an element of the crime, not a sentencing factor. The trial court rejected Starnes's § 2255 ineffective assistance claim regarding Count Five on the basis that Starnes had been convicted under a later version of § 924(c)(1), to which *Castillo* did not apply. [3-1] at 117. The court acknowledged that *O'Brien* applied to the later version, but it observed that *O'Brien* had been decided some six years after Starnes's conviction and sentence and that therefore could not provide a basis for Starnes's claim of ineffective assistance. [3-1] at 117-18.

has asserted in his § 2241 petition a direct claim under *O'Brien*, not a claim of ineffective assistance. Assuming strictly for the sake of argument that *O'Brien* would apply to Starnes's sentencing, an *O'Brien* claim was available to Starnes when he filed his § 2255 motion.

Because Starnes's claim does not fall within the savings clause, this court is without jurisdiction over his petition. Accordingly, the undersigned recommends that the petition be dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 29th day of April, 2019.

/s/ F. Keith Ball
United States Magistrate Judge