UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL STARNES                                                              PETITIONER

VS.                                                  CIVIL ACTION NO. 3:17-CV-891-DPJ-FKB

WARDEN, FCI YAZOO CITY                                                       RESPONDENT
MEDIUM

ORDER

This habeas corpus petition filed under 28 U.S.C. § 2241 is before the Court on the Report and Recommendation [12] of United States Magistrate Judge F. Keith Ball. Judge Ball recommends dismissal based on lack of jurisdiction because Petitioner Michael Starnes's claim fails to satisfy the savings clause exception of 28 U.S.C. § 2255. Starnes filed an Objection [13]. For the reasons explained, the Report and Recommendation is adopted as the opinion of this Court.

Starnes challenges the sentencing enhancement he received under 18 U.S.C. § 924(c)(1)(B)(ii) for possessing a machinegun in furtherance of drug-trafficking activities. He collaterally attacked that same enhanced sentence in February 2011, when he filed a § 2255 petition. That petition asserted that his trial attorney was ineffective for failing to object when the trial court treated the machinegun issue as a sentencing enhancement without submitting it to the jury. Starnes never directly challenged the trial court's decision in his first petition, focusing instead on his attorney's performance.

In the instant Petition, Starnes again contests the sentencing enhancement under § 924(c)(1)(B)(ii), but this time he says the trial court erred. Starnes relies on *United States v. O'Brien*, where the Supreme Court held that possession of a machinegun under 18 U.S.C.

§ 924(c)(1)(B)(ii) is an "element of the crime, not a sentencing factor." 560 U.S. 218, 230 (2010).

A federal prisoner may challenge his conviction under § 2241 only if he establishes that a remedy under § 2255 is inadequate or unavailable. *See* 28 U.S.C. § 2255(e). A remedy is inadequate where a petitioner's claim: (1) is based upon a retroactively-applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense; and (2) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Judge Ball correctly concluded that Starnes cannot meet the second prong of the *Reyes-Requena* test because *O'Brien* was decided before Starnes filed his § 2255 motion, yet Starnes asserted no such claim. Starnes now objects to that conclusion, asserting that he was foreclosed from raising a direct *O'Brien* challenge in his § 2255 motion because that case had not yet been decided at the time of his sentencing. True enough, the Court decided *O'Brien* after Starnes' sentencing, but it came before Starnes filed his § 2255 motion. And because the *O'Brien* argument existed when Starnes filed his § 2255 motion, the claim fails to satisfy § 2255's narrow savings-clause exception. *See Negron v. Chandler*, 54 F. App'x 798 (5th Cir. 2002) (holding that "Negron's double jeopardy argument fails to meet the second prong of the *Reyes-Requena* test" because the Supreme Court decision that premised the petition "was available to Negron well before the time he filed his 28 U.S.C. § 2255 motion").

The Court has considered all arguments raised by the parties; those not addressed in this Order would not have changed the outcome. The Report and Recommendation [12] is adopted

as the opinion of the Court.  The Petition is dismissed for lack of jurisdiction.  A separate final judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 25th day of September, 2019.

s/ *Daniel P. Jordan III*  
CHIEF UNITED STATES DISTRICT JUDGE